UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| LORENZOE WILSON, | ) | |
|---|---|---|
| | ) | Case No. 1:17-cv-348 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| T.D.O.C. and BLEDSOE COUNTY CORRECTIONAL COMPLEX, | ) ) ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION

Lorenzoe Wilson ("Plaintiff") initiated this action when he filed a Complaint on December 7, 2017, alleging constitutional violations pursuant to 28 U.S.C. § 1983, along with an application for leave to proceed *in forma pauperis* ("IFP") [Docs. 1, 2]. The Middle District of Tennessee, where this action was originally filed, granted Plaintiff's application for leave to proceed IFP and assessed the filing fee before transferring the case to this Court [Doc. 5]. On June 11, 2018, this Court dismissed the named Defendants in this action, and granted Plaintiff leave to amend his Complaint for the limited purpose of naming proper entities as defendants [Doc. 8]. The Court ordered Plaintiff to file his amended Complaint within twenty-one days of the entry of the Order [*Id*.]. Plaintiff was forewarned that "failure to timely comply with this Order will result in the dismissal of this action for want of prosecution and failure to comply with orders of the Court" [*Id*. citing Fed. R. Civ. P. 8(a)(2), (d)(1)]. The Court further notified Plaintiff of Local Rule 83.13, which requires that Plaintiff provide an updated address to this Court within fourteen days of any change in address [*Id*.]. The Order was sent to Plaintiff at his

last known address. However, Plaintiff failed to respond in any way to the Court Order, and he has not filed an amended complaint as directed.

Thereafter, the Court ordered Plaintiff to show cause within fourteen days explaining why his case should not be dismissed without prejudice for failure to prosecute and/or failure to follow the order of this Court [Doc. 9]. The Court notified Plaintiff that failure to comply with the terms of this Order will result in dismissal of his case [*Id.*]. Again, the Court reminded Plaintiff of his duty to notify the Court of any change in address [*Id.*]. More than fourteen days have passed and Plaintiff has not filed any response to the Court's order to show cause.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g.*, *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this action can be attributed to his own willfulness or fault. Notably, the Order sent to Plaintiff's address on file was not returned to the Court. Plaintiff's failure to respond to the Court's Order may be willful (if he received the Order and declined to respond), or it may be negligent (if he did not receive the Order because he failed to update his address and/or monitor this action as required by Local Rule 83.13). Pursuant to Local Rule 83.13, it is the duty of the pro se party to monitor the progress of the case and to prosecute or defend the action diligently. *See* E.D. Tenn. L.R. 83.13. Accordingly, either way, the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal; since Plaintiff never amended his Complaint as was ordered by this Court, there are no named Defendants in this action. Thus, no one has been prejudiced by Plaintiff's inactions and/or delays. By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's order, despite being expressly warned of the possible consequences of such a failure [Doc. 8 p. 5; Doc. 9 p. 2].

Finally, the Court finds that alternative sanctions would not be effective. Plaintiff has filed a motion for leave to proceed IFP; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. The Court does not believe that a dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE JUDGMENT WILL ENTER.**

*/s/ Travis R. McDonough*
**TRAVIS R. MCDONOUGH
UNITED STATES DISTRICT JUDGE**